UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**02-20037**CR-LENARD

CASE NO. _____

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)

UNITED STATES OF AMERICA

vs.

MANUEL SOSA and
STEVEN ATIYEH

_____/

MAGISTRATE JUDGE
TURNOFF

MAGISTRATE JUDGE
TURNOFF

## INDICTMENT

The Grand Jury charges that:

## COUNT I

On or about January 8, 2002, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,

**MANUEL SOSA,
and
STEVEN ATIYEH,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other to possess with the intent to distribute a Schedule II controlled substance, that is, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

## COUNT II

On or about January 8, 2002, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendants,



**MANUEL SOSA,**
**and**
**STEVEN ATIYEH,**

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance,

that is, 500 grams or more of a mixture and substance containing a detectable amount of cocaine;

in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18,

United States Code, Section 2.

## COUNT III

On or about January 8, 2002, in a residence located within Miami-Dade County, in the

Southern District of Florida and elsewhere, the defendant,

**STEVEN ATIYEH,**

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance,

that is, 500 grams or more of a mixture and substance containing a detectable amount of cocaine;

in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
CAMERON ELLIOT
ASSISTANT UNITED STATES ATTORNEY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. **02-20037** CR-LENARD

MAGISTRATE JUDGE TURNOFF

**UNITED STATES OF AMERICA**

v.

MANUEL SOSA and
STEVEN ATIYEH

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**

**Court Division:** (Select One)

| | |
|---|---|
| X   Miami | ___ Key West |
| ___ FTL   ___ WPB | ___ FTP |

New Defendant(s)          Yes ___    No ___
Number of New Defendants  ___
Total number of counts    ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) NO
   List language and/or dialect ENGLISH

4. This case will take   2   days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                                    (Check only one)

| | | | | |
|---|---|---|---|---|
| I | 0 to 5 days | X | Petty | |
| II | 6 to 10 days | ___ | Minor | ___ |
| III | 11 to 20 days | ___ | Misdem. | ___ |
| IV | 21 to 60 days | ___ | Felony | X |
| V | 61 days and over | ___ | | |

6. Has this case been previously filed in this District Court? (Yes or No)  NO
   If yes:
   Judge: _____     Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) YES
   If yes:
   Magistrate Case No.  02-2019-BANDSTRA
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of 01/08/02
   Defendant(s) in state custody as of _____
   Rule 20 from the _____     District of _____

   Is this a potential death penalty case? (Yes or No)          NO

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes  X No    If yes, was it pending in the Central Region? ___ Yes  X No

8. Did this case originate in the Narcotics Section, Miami? ___ Yes  X No

CAMERON ELLIOT
ASSISTANT UNITED STATES ATTORNEY
Florida Court No. A5500606

*Penalty Sheet(s) attached

REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

**02 - 20037** CR - LENARD

Defendant's Name:  MANUEL SOSA

Count #: I

Title 21, United States Code, Section 846

MAGISTRATE JUDGE
TURNOFF

CONSPIRACY

*Max. Penalty: Life Imprisonment

Count #: II

Title 21, United States Code, Section 841(a)(1)

POSSESSION WITH THE INTENT TO DISTRIBUTE COCAINE

*Max Penalty: 40 Years' Imprisonment

Count # :

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

02-20037  CR-LENARD

Defendant's Name:  STEVEN ATIYEH          No.:

MAGISTRATE JUDGE
TURNOFF

Count #: I

Title 21, United States Code, Section 846

CONSPIRACY

*Max. Penalty: Life Imprisonment
Count #: II

Title 21, United States Code, Section 841(a)(1)

POSSESSION WITH THE INTENT TO DISTRIBUTE COCAINE

*Max Penalty: Life Imprisonment
Count # : III

Title 21, United States Code, 841(a)(1)

POSSESSION WITH THE INTENT TO DISTRIBUTE COCAINE

*Max. Penalty: Life Imprisonment
Count #:

*Max. Penalty:
Count #:

*Max. Penalty:
Count #:

*Max. Penalty:
Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

No. 02-20037-CR-LENARD

UNITED STATES DISTRICT COURT

SOUTHERN _ _ _ District of _ _ FLORIDA

_ _ _ _ _ _ _ _ Division

THE UNITED STATES OF AMERICA

vs.

MANUEL SOSA
and
STEVEN ATIYEH

INDICTMENT

21 USC 846
21 USC 841 (a) (1)

MAGISTRATE JUDGE
TURNOFF

A true bill.

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
Foreman

FGJ 00-05 (MIA)

Filed in open court this _ _ _ _ _ _ _ _ _ _

of _ _ _ _ _ _ _ A.D. _ _ _ _ _ _ _ _ day,

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _
Clerk

Bail $ _ _ _ _ _ _ _ _ _ _

GRAND JURY INDICTMENT NO. 05-mcn-615

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: _____
CASE NO.: 02-2019-Brown,Smn

UNITED STATES OF AMERICA
                    Plaintiff,

v.

Steven Arright
                    Defendant,
_____/

FILED by _____ D.C.
MAG. SEC.

JAN - 9 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 20,000  10% bond                    .

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1.  Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2.  May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

3.  May not change his or her present address as recorded on page 4 of this bond without prior permission in writing from the court.

4.  Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5.  Shall not commit any act in violation of state or federal laws.



DEFENDANT: STEVEN ATMAN

CASE NUMBER: 02-2019- Berdernan

PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

✓ b. Report to Pretrial Services as follows: (✓) as directed or _____ times in person and _____ times by telephone;

___ c. Submit to substance abuse testing and/or treatment as directed by Pretrial Services;

___ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

___ e. Participate in mental health assessment and/or treatment;

___ f. Participate and undergo a sex offense specific evaluation and treatment;

___ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

___ i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

___ j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

___ k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, real or personal, until the bond is discharged, or otherwise modified by the Court;

___ l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.*;

___ m. No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*), and follow instructions as outlined in the attached agreement waiver provided to you by Pretrial Services;

___ n. **HOME CONFINEMENT PROGRAM** The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will not or ( ) will include electronic monitoring or other location verification system, paid for by the defendant *based upon his/her ability to pay* ( ) or paid for by Pretrial Services ( ).

_____ Curfew: You are restricted to your residence every day from _____ to _____, or as directed by the Court.

_____ Home Detention: You are restricted to your residence at all times except for: ( ) medical needs or treatment, ( ) court appearances, ( ) attorney visits or court ordered obligations, and ( ) other _____.

___ o. **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program. You are restricted to the halfway house at all times except for: ( ) employment; ( ) education; ( ) religious services; ( ) medical, substance abuse, or mental health treatment; ( ) attorney visits; ( ) court appearances; ( ) court ordered obligations; ( ) reporting to Pretrial Services; and ( ) other _____.

___ p. May travel to and from:_____, and must notify Pretrial Services of travel plans before leaving and upon return.

✓ q. Comply with the following additional conditions of bond:
Restricted SDFL

DEFENDANT:_____

CASE NUMBER:_____

PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)  an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)  an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)  any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)  a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: _Stevan Arkus1+_

CASE NUMBER: _02-2019-BondStat_

PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond.  Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond.  I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed.  I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _9th_ day of _January_, 20 _02_, at _Miami_, Florida.

Signed and acknowledged before me:  X DEFENDANT:(Signature) _____

WITNESS:_____  ADDRESS: _3616 N.W_

ADDRESS:_____  _C. Lockar H._  ZIP _33056_

_____ZIP_____  TELEPHONE: _(305) 215-1367_

### CORPORATE SURETY

Signed this _____ day of _____, 20____, at _____, Florida.

SURETY:_____  AGENT:(Signature)_____

ADDRESS:_____  PRINT NAME:_____

_____ZIP_____  TELEPHONE:_____

### INDIVIDUAL SURETIES

Signed this__day of ___, 20___, at _____, Florida.    Signed this__day of ___, 20___, at _____, Florida.

SURETY:(Signature)_____    SURETY:(Signature)_____

PRINT NAME:_____    PRINT NAME:_____

RELATIONSHIP TO    RELATIONSHIP TO

DEFENDANT:_____    DEFENDANT:_____

ADDRESS:_____    ADDRESS:_____

_____ZIP_____    _____ZIP_____

TELEPHONE:_____    TELEPHONE:_____

### APPROVAL BY COURT

Date: _1/9/01_

_T.e.Bar_

UNITED STATES MAGISTRATE JUDGE

TED E. BANDSTRA

AO82
(Rev. 4/90)

**ORIGINAL**

228251

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF FLORIDA**

RECEIVED FROM *Sheila Bordes*
*7946 NW 190 Lane*
*Miami Lakes Fl 33015*
*USA v S Steven Atiyeh*

SS# 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

| Fund | | ACCOUNT | AMOUNT |
|------|------|---------|--------|
| 6855XX | Deposit Funds | | 2000 | 00 |
| 604700 | Registry Funds | | |
| | General and Special Funds | | |
| 508800 | Immigration Fees | | |
| 085000 | Attorney Admission Fees | | |
| 086900 | Filing Fees | TOTAL | 2000.00 |
| 322340 | Sale of Publications | | |
| 322350 | Copy Fees | Case Number or Other Reference |
| 322360 | Miscellaneous Fees | 02-2019-JAL-DIMITROULEAS |
| 143500 | Interest | |
| 322380 | Recoveries of Court Costs | |
| 322386 | Restitution to U.S. Government | |
| 121000 | Conscience Fund | |
| 129900 | Gifts | |
| 504100 | Crime Victims Fund | |
| 613300 | Unclaimed Monies | |
| 510000 | Civil Filing Fee (½) | |
| 510100 | Registry Fee | |

$ Checks and drafts are accepted subject to col-
lection and full credit will only be given when the
check or draft has been accepted by the financial
institution on which it was drawn.

| DATE 1/9/02 | Cash | Check | M.O. | Credit | DEPUTY CLERK |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: _____
CASE NO.: _____ 02- 20034-34-40

MAG. SEC.

JAN 9 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D OF FLA. - MIAMI

UNITED STATES OF AMERICA
Plaintiff,

v.

STEVEN ATIYEH
Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and
personal representatives, jointly and severally, are bound to pay the United States of America, the sum of

$ 230,000 PSB _____.

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1. Shall appear before this court and at such other places as the defendant may be required to appea
accordance with any and all orders and directions relating to the defendant's appearance in this case, inclu
appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or
other United States District Court to which the defendant may be held to answer or the cause transferred.
defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed
obeying any order or direction in connection with such judgment. This is a continuing bond, including any proce
on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwi

2. May not at any time, for any reason whatever, leave the Southern District of Florida or other Dist
which the case may be removed or transferred after he or she has appeared in such District pursuant to the cond
of this bond, without first obtaining written permission from the court, except that a defendant ordered remov
transferred to another district may travel to that district as required for court appearances and trial preparation
written notice to the Clerk of this court or the court to which the case has been removed or transferred. The So
District of Florida  consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Mart
Lucie, Indian River, Okeechobee, and Highlands.**

3. May not change his or her present address as recorded on page 4 of this bond without prior permis
writing from the court:

4. Is required to appear in court at all times as required by notice given by the court or its clerk to the
on this bond or in open court or to the address as changed by permission from the court. The defendant is req
ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the
no event may a defendant assume that his or her case has been dismissed unless the court has entered an
dismissal.

5. Shall not commit any act in violation of state or federal laws.



DEFENDANT: STEVEN ATIYART
CASE NUMBER: 02-2019-BANDSTR
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the spec
conditions checked below:

**X** a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any tra
documents during the pendency of the case;

**X** b. Report to Pretrial Services as follows: (✓ *as directed or* _____ *times in person and* _____ *times by telepho*

____ c. Submit to substance abuse testing and/or treatment as directed by Pretrial Services;

____ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defi
in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licen
medical practitioner;

____ e. Participate in mental health assessment and/or treatment;

____ f. Participate and undergo a sex offense specific evaluation and treatment;

____ g. Maintain or actively seek full-time employment;

____ h. Maintain or begin an educational program;

____ i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

____ j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

____ k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own,
or personal, until the bond is discharged, or otherwise modified by the Court;

____ l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus termi
train stations, etc.;*

____ m. No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*)
follow instructions as outlined in the attached agreement waiver provided to you by Pretrial Services;

____ n. **HOME CONFINEMENT PROGRAM**   The defendant shall participate in one of the following h
confinement program components and abide by all the requirements of the program which ( ) will no
( ) will include electronic monitoring or other location verification system, paid for by the defer
*based upon his/her ability to pay* ( ) or paid for by Pretrial Services ( ).

____ Curfew: You are restricted to your residence every day from _____ to _____; or as di
by the Court.

____ Home Detention: You are restricted to your residence at all times except for: ( ) medical ne
treatment, ( ) court appearances, ( ) attorney visits or court ordered obligations, and ( )

_____

____ o. **HALFWAY HOUSE PLACEMENT**   The defendant shall reside at a halfway house or comu
corrections center and abide by all the rules and regulations of the program.
You are restricted to the halfway house at all times except for: ( ) employment; ( ) education;
( ) religious services; ( ) medical, substance abuse, or mental health treatment; ( ) attorney v
( ) court appearances; ( ) court ordered obligations; ( ) reporting to Pretrial Services; and
( ) other _____

_____

____ p. May travel to and from: _____, and must notify Pretrial Services of trav
before leaving and upon return.

**X** q. Comply with the following additional conditions of bond:
Restricted ODFL
_____

DEFENDANT: _____
CASE NUMBER: _____

PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon convict for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 m it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a crim investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal off punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or inform or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fa appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court o If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the servi a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen yea defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more tha years, or both;

(4) a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more th year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sent imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail which means that the defendant will be obligated to pay the full amount of the bond, which may be enforce applicable laws of the United States.

DEFENDANT: STEVEN ARTYAK
CASE NUMBER: 02-2019-BANDSTRA
PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to me and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT
Signed this 9th day of January, 2002, at Miami, Florida
Signed and acknowledged before me: X DEFENDANT:(Signature) _____
WITNESS: Richard Dackes      ADDRESS: 3416 NW 175 st
ADDRESS: 15711 NW 19th st ?      Opa Locka Fl      ZIP 33056
Miami, Fl      ZIP 33125      TELEPHONE: (305) 218-1369

### CORPORATE SURETY
Signed this _____ day of _____, 20 ____, at _____, Florida
SURETY:_____      AGENT:(Signature)_____
ADDRESS:_____      PRINT NAME:_____
_____ ZIP _____      TELEPHONE:_____

### INDIVIDUAL SURETIES
Signed this __ day of ____, 20 __, at _____, Florida.      Signed this __ day of ____, 20 __, at _____, Florida.
SURETY:(Signature)_____      SURETY:(Signature)_____
PRINT NAME:_____      PRINT NAME:_____
RELATIONSHIP TO      RELATIONSHIP TO
DEFENDANT:_____      DEFENDANT:_____
ADDRESS:_____      ADDRESS:_____
_____ ZIP _____      _____ ZIP _____
TELEPHONE:_____      TELEPHONE:_____

### APPROVAL BY COURT
Date: 1/9/02

UNITED STATES MAGISTRATE JUDGE
TED E. BANDSTRA

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, U.S. Marshal, Pretrial Services

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. O2-2019-Baw

FILED by _____ D.C.

JAN 9 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES OF AMERICA,

v.

STEVEN ATIYEH

**NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL**

COMES NOW Richard Docobo and
files this temporary appearance as counsel for the above named
defendant(s) at initial appearance.  This appearance is made with
the **understanding** that the undersigned counsel will fulfill any
**obligations imposed** by the Court such as **preparing and filing
documents** necessary to collateralize any personal surety bond
which may be set.

Counsel's Name **(Printed)** Richard Docobo

Counsel's Signature

Address  1571 NW 13th Ct.

Miami, FL                ZIP CODE: 33125

Telephone  305 , 326-8330

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. _02 - 2019 FDB_

UNITED STATES OF AMERICA

              Plaintiff,

v.

STEVEN ANTONIO ATIYEH

        Defendant.
_____/

**ORDER ON INITIAL APPEARANCE**

Language _____
Tape No. _02B - 2 - 1563_
AUSA _Cameron Elliott_
Agent _____

DOB: 4-17-75      Reg# 68154-004

      The above-named defendant having been arrested on _1-8-02_ having appeared before the court for initial appearance on _1-9-02_ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _Richard DeCobo_ appeared as ~~permanent~~/temporary counsel of record.
Address:_____
Zip Code: _____ Telephone: _____
2. _____ appointed as permanent counsel of record.
Address: _____
Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _1/24_, 2002.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am 1/24_, 2002.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_, 2002.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142: _Stipulated 230,000 PSB + 20,000/10% (No Co-Signer)_
_____
This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel document to the Pretrial Services Office.
✓ b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;
    other: _as directed_
c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.

STEVEN ANTONIO ATIYEH

___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:
Restricted SDFL _____
_____

This bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions.  These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at <u>Miami, Florida</u>, this <u>9th</u>  day of  <u>JANUARY</u> 2002 .

_____
**UNITED STATES MAGISTRATE JUDGE**
**TED E. BANDSTRA**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: _____

CASE NO.: _O 2 -2019 -CR -DANDSTRA_
MG

UNITED STATES OF AMERICA
                    Plaintiff,

v.

_Manuel Sisa_
                    Defendant,

_____/

FILED by ____ D. ___
MAG. SEC.

JAN -7 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and personal representatives, jointly and severally, are bound to pay the United States of America, the sum of
$ _20,000.00 personal surety bond with ten percent to the registry of the Court._

_to be deposited before_
_5:PM on Jan 10, 2002._

### STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1.  Shall appear before this court and at such other places as the defendant may be required to appear accordance with any and all orders and directions relating to the defendant's appearance in this case, inclu appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or other United States District Court to which the defendant may be held to answer or the cause transferred. defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed obeying any order or direction in connection with such judgment. This is a continuing bond, including any proce on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwi

2.  May not at any time, for any reason whatever, leave the Southern District of Florida or other Dist which the case may be removed or transferred after he or she has appeared in such District pursuant to the cond of this bond, without first obtaining written permission from the court, except that a defendant ordered remov transferred to another district may travel to that district as required for court appearances and trial preparation written notice to the Clerk of this court or the court to which the case has been removed or transferred. The So District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Mart Lucie, Indian River, Okeechobee, and Highlands.**

3.  May not change his or her present address as recorded on page 4 of this bond without prior permis writing from the court.

4.  Is required to appear in court at all times as required by notice given by the court or its clerk to the on this bond or in open court or to the address as changed by permission from the court. The defendant is req ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the no event may a defendant assume that his or her case has been dismissed unless the court has entered an dismissal.

5.  Shall not commit any act in violation of state or federal laws.



DEFENDANT:_____
CASE NUMBER:_____
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the spec
conditions checked below:

X  a.  Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any tra
        documents during the pendency of the case;

X  b.  Report to Pretrial Services as follows: (X) *as directed or* _____ *times in person and* _____ *times by telepho*

____ c.  Submit to substance abuse testing and/or treatment as directed by Pretrial Services;

____ d.  Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defi
        in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a  prescription by a licen
        medical practitioner;

____ e.  Participate in mental health assessment and/or treatment;

____ f.  Participate and undergo a sex offense specific evaluation and treatment;

____ g.  Maintain or actively seek full-time employment;

____ h.  Maintain or begin an educational program;

____ i.  Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

____ j.  Refrain from possessing a firearm, destructive device or other dangerous weapons;

____ k.  None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own,
        or personal, until the bond is discharged, or otherwise modified by the Court;

____ l.  May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus termi*
        *train stations, etc.*;

____ m.  No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's*)
        follow instructions as outlined in the attached agreement waiver provided to you by Pretrial Services;

____ n.  **HOME CONFINEMENT PROGRAM**   The defendant shall participate in one of the following 
        confinement program components and abide by all the requirements of the program which ( ) will no
        ( ) will include electronic monitoring or other location verification system, paid for by the defe
        *based upon his/her ability to pay* ( ) or paid for by Pretrial Services ( ).

        ____ Curfew: You are restricted to your residence every day from _____ to _____; or as di
            by the Court.

        ____ Home Detention: You are restricted to your residence at all times except for: ( ) medical ne
            treatment, ( ) court appearances,  ( ) attorney visits or court ordered obligations, and ( )

        _____

____ o.  **HALFWAY HOUSE PLACEMENT**   The defendant shall reside at a  halfway house or com
        corrections center and abide by all the rules and regulations of the program.
        You are restricted to the halfway house at all times except for: ( ) employment; ( ) education;
        ( ) religious services; ( ) medical, substance abuse, or mental health treatment; ( ) attorney 
        ( ) court appearances; ( ) court ordered obligations;  ( ) reporting to Pretrial Services; and
        ( ) other _____

____ p.  May travel to and from:_____, and must notify Pretrial Services of trav
        before leaving and upon return.

X  q.  Comply with the following additional conditions of bond:
        Restricted SBA

        _____

DEFENDANT:_____
CASE NUMBER:_____

PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible tern imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon convic for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a tern imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 m it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a crin investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal off punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or inform or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fa appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court c If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the servi a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen yea defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more th years, or both;

(4) a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more th year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sent imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail which means that the defendant will be obligated to pay the full amount of the bond, which may be enforce applicable laws of the United States.

DEFENDANT:_____
CASE NUMBER:_____
PAGE FOUR

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to me and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this  9 th  day of  January  , 20 0 2 , at  Miami  , Florida

Signed and acknowledged before me:                   DEFENDANT:(Signature)_____
WITNESS:  Julio C. Jimenez                           ADDRESS: 2319 W 74 Street, Apt. 208
ADDRESS: 815 Ponce De Leon                                    Hialeah, Fla        ZIP 33016
Coral Gables, Fla  ZIP  33134                         TELEPHONE: (305) 823-6888

### CORPORATE SURETY

Signed this _____ day of _____, 20 ____, at _____, Florida
SURETY:_____              AGENT:(Signature)_____
ADDRESS:_____             PRINT NAME:_____
_____ZIP_____         TELEPHONE:_____

### INDIVIDUAL SURETIES

Signed this__day of____, 20__, at ____,Florida    Signed this__day of____, 20__, at ____, Florida
SURETY:(Signature)_____         SURETY:(Signature)_____
PRINT NAME:_____                PRINT NAME:_____
RELATIONSHIP TO                                   RELATIONSHIP TO
DEFENDANT:_____                 DEFENDANT:_____
ADDRESS:_____                   ADDRESS:_____
_____ZIP_____               _____ZIP_____
TELEPHONE:_____                 TELEPHONE:_____

### APPROVAL BY COURT

Date: 1/9/02 _____

_____
UNITED STATES MAGISTRATE JUDGE
TED E. BANDSTRA

DISTRIBUTION:  Defendant, Assistant U.S. Attorney, Counsel, U.S. Marshal, Pretrial Services

AO82
(Rev. 4/90)

228250

**ORIGINAL**
**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
**for the**
**SOUTHERN DISTRICT OF FLORIDA**
at _Miami_

RECEIVED FROM _Melissa M. Menendez_
_2319 W 74 St #208_
_Hialeah FL 33014_
_USA vs Manuel Sosa_

SS# _20-595-1351_

| Fund | | ACCOUNT | AMOUNT | |
|------|------|---------|--------|---|
| 6855XX | Deposit Funds | | 2000 | 00 |
| 604700 | Registry Funds | | | |
| | General and Special Funds | | | |
| 508800 | Immigration Fees | | | |
| 085000 | Attorney Admission Fees | | | |
| 086900 | Filing Fees | TOTAL | 2,000.00 | |
| 322340 | Sale of Publications | (Case Number or Other Reference) | | |
| 322350 | Copy Fees | 02-2019-CR-Christa | | |
| 322360 | Miscellaneous Fees | | | |
| 143500 | Interest | | | |
| 322380 | Recoveries of Court Costs | | | |
| 322386 | Restitution to U.S. Government | | | |
| 121000 | Conscience Fund | | | |
| 129900 | Gifts | | | |
| 504100 | Crime Victims Fund | | | |
| 613300 | Unclaimed Monies | | | |
| 510000 | Civil Filing Fee (½) | | | |
| 510100 | Registry Fee | | | |

$ Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

| DATE | Cash | Check | M.O. | Credit | DEPUTY CLERK |
|------|------|-------|------|--------|--------------|
| 1/9/02 | | | | | |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND:_____

CASE NO.: _02 - 2019 - CR - BANDSTRA_

UNITED STATES OF AMERICA
Plaintiff,

v.

_Manuel Sosa_
Defendant,

_____/

FILED by ___ D.C.
MAG. SEC.
JAN 9 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ _230,000.₀₀ personal surety bond_ .

## STANDARD CONDITIONS OF BOND

The conditions of this bond are that the defendant:

1.  Shall appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the court shall order otherwise.

2.  May not at any time, for any reason whatever, leave the Southern District of Florida or other District to which the case may be removed or transferred after he or she has appeared in such District pursuant to the conditions of this bond, without first obtaining written permission from the court, except that a defendant ordered removed or transferred to another district may travel to that district as required for court appearances and trial preparation upon written notice to the Clerk of this court  or the court to which the case has been removed or transferred. The Southern District of Florida consists of the following counties: **Monroe, Miami-Dade, Broward, Palm Beach, Martin, St. Lucie, Indian River, Okeechobee, and Highlands.**

3.  May not change his or her present address as recorded on page 4 of this bond without prior permission in writing from the court.

4.  Is required to appear in court at all times as required by notice given by the court or its clerk to the address on this bond or in open court or to the address as changed by permission from the court. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may a defendant assume that his or her case has been dismissed unless the court has entered an order of dismissal.

5.  Shall not commit any act in violation of state or federal laws.



DEFENDANT:_____

CASE NUMBER:_____

**PAGE TWO**

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✗ a. Surrender all passports and travel documents, if any, to the Pretrial Services Office and not obtain any travel documents during the pendency of the case;

✗ b. Report to Pretrial Services as follows: (✗) *as directed or* _____ *times in person and* _____ *times by telephone*;

___ c. Submit to substance abuse testing and/or treatment as directed by Pretrial Services;

___ d. Refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802), without a prescription by a licensed medical practitioner;

___ e. Participate in mental health assessment and/or treatment;

___ f. Participate and undergo a sex offense specific evaluation and treatment;

___ g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

✗ i. Avoid all contact with victims of or witnesses to the crimes charged, except through counsel;

___ j. Refrain from possessing a firearm, destructive device or other dangerous weapons;

___ k. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any property they own, real or personal, until the bond is discharged, or otherwise modified by the Court;

___ l. May not visit commercial transportation establishment: *airports, seaport/marinas, commercial bus terminals, train stations, etc.*;

___ m. No access to the internet via any type of connectivity device (*i.e. computers, pda's, cellular phones, tv's)*, and follow instructions as outlined in the attached agreement waiver provided to you by Pretrial Services;

___ n. **HOME CONFINEMENT PROGRAM**   The defendant shall participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) **will not** or ( ) **will include electronic monitoring or other location verification system, paid for by the defendant** *based upon his/her ability to pay* ( ) or paid for by Pretrial Services ( ).

_____ **Curfew:** You are restricted to your residence every day from _____ to _____, or as directed by the Court.

_____ **Home Detention:** You are restricted to your residence at all times except for: ( ) medical needs or treatment, ( ) court appearances, ( ) attorney visits or court ordered obligations, and ( ) other

_____.

___ o. **HALFWAY HOUSE PLACEMENT** The defendant shall reside at a halfway house or community corrections center and abide by all the rules and regulations of the program.
You are restricted to the halfway house at all times except for: ( ) employment; ( ) education; ( ) religious services; ( ) medical, substance abuse, or mental health treatment; ( ) attorney visits; ( ) court appearances; ( ) court ordered obligations; ( ) reporting to Pretrial Services; and ( ) other _____.

___ p. May travel to and from:_____, and must notify Pretrial Services of travel plans before leaving and upon return.

✗ q. Comply with the following additional conditions of bond:
Restricted SDFL _____

DEFENDANT:_____

CASE NUMBER:_____

PAGE THREE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)     an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)     an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3)     any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)     a misdemeanor, the defendant shall be fined not more that $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: _____

CASE NUMBER: _____

**PAGE FOUR**

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of four pages, or it as been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this _9th_ day of _January_ , 20 _02_ , at _Miami_ , Florida.

Signed and acknowledged before me:

WITNESS: _Julia E. Jimenez_   DEFENDANT:(Signature) _____

ADDRESS: _815 Ponce De Leon_   ADDRESS: _2319 W. 74 Street, Apt. 208_

_Coral Gables, Fla_ ZIP _33134_   _Hialeah, Fla_ ZIP _33016_

TELEPHONE: _(305) 823 - 6888_

### CORPORATE SURETY

Signed this _____ day of _____ , 20 _____ , at _____ , Florida.

SURETY: _____   AGENT:(Signature) _____

ADDRESS: _____   PRINT NAME: _____

_____ ZIP _____   TELEPHONE: _____

### INDIVIDUAL SURETIES

Signed this _ day of _____ 20 ___ , at ___ , Florida.   Signed this _ day of _ 20 _ at _ , Florida.

SURETY:(Signature) _____   SURETY:(Signature) _____

PRINT NAME: _Nancy Valdes_   PRINT NAME: _Melissa M. Menendez_

RELATIONSHIP TO   RELATIONSHIP TO

DEFENDANT: _Mother_   DEFENDANT: _Girlfriend_

ADDRESS: _2343 NW 24 Ave, Rear_   ADDRESS: _2319 W. 74 St, Apt. 208_

_Miami, Fla_ ZIP _33142_   _Hialeah, Fla_ ZIP _33016_

TELEPHONE: _(305) 638-7857_   TELEPHONE: _(305) 823-6888_

### APPROVAL BY COURT

Date: _1/9/02_   _____

UNITED STATES MAGISTRATE JUDGE

TED E. BANDSTRA

DISTRIBUTION: Defendant, Assistant U.S. Attorney, Counsel, U.S. Marshal, Pretrial Services



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-2019-Bandstra

UNITED STATES OF AMERICA,

v.

Manuel Sosa

**NOTICE OF TEMPORARY**
**APPEARANCE AS COUNSEL**

COMES NOW Julio Jimenez and files this temporary appearance as counsel for the above named defendant(s) at initial appearance.  This appearance is made with the **understanding** that the undersigned counsel will fulfill any **obligations imposed** by the Court such as **preparing and filing documents** necessary to collateralize any personal surety bond which may be set.

Counsel's Name **(Printed)**  Julio E. Jimenez

Counsel's Signature  Carl Katka, Julio E. Jimenez

Address  815 Ponce De Leon

Coral Gables        ZIP CODE: 33134

Telephone  (305) 445-6655

koia.

FILED by _H_ D.C.
JAN _e_ 2002
CLARENCE MADDOX
U.S. DIST. CT.
OF FLA. - MIAMI

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. _O2-2019 FEB_

UNITED STATES OF AMERICA

           Plaintiff,

v.

MANUEL FELIX SOSA

      Defendant.
_____/

**ORDER ON INITIAL APPEARANCE**
Language _English_
Tape No. _02B-2-1563_
AUSA _Cameron Elliott_
Agent _____

DOB: 8-4-78       Reg# 68153-004

      The above-named defendant having been arrested on __1-8-02__ having appeared before the court for initial appearance on ___1-9-02___ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _Julio Jimenez_ appeared as ~~permanent~~/temporary counsel of record.
Address:_____
Zip Code: _____ Telephone: _____
2. _____ appointed as permanent counsel of record.
Address: _____
Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on ___11/124___, 2002.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am_ _11/24_, 2002.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_, 2002.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142: _Stipulated 230,000 PSB & 20,000/10% Co-Signed by mother_ _& girlfriend_ _Pay 10% By 1-10 @ close of Business_
This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
✓ a. Surrender all passports and travel document to the Pretrial Services Office.
✓ b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person; other: _as directed_
c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.

MANUEL FELIX SOSA

___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:
_____Restricted to SDFL_____
_____

This bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

    If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___
_____
_____
_____
_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d
303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled
promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the
   conditions set forth herein or those later ordered by the court, the defendant is subject to arrest
   and revocation of release and to various civil and criminal sanctions for any violation of those
   conditions.  These various sanctions and penalties are set forth more fully in the Appearance
   Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond
   has been executed in accordance with this or subsequent court order.

    **DONE AND ORDERED** at Miami, Florida, this 9th____ day of  JANUARY_____
2002 .

                                    _____
                                    **UNITED STATES MAGISTRATE JUDGE**
                                    **TED E. BANDSTRA**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _____ 0 2-2019-Bandstra

**UNITED STATES OF AMERICA**

**vs.**

**MANUEL SOSA and**
**STEVEN ATIYEH**

_____/

FILED by _____ D.C.
MAG. SEC.

JAN - 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIAMI

**CRIMINAL COVER SHEET**

1.   Did this case originate from a matter pending in the United States Attorney's Office
     prior to April 1, 1999?   ____   Yes   _X_   No

2.   Did this case originate from a matter pending in the Central Region of the United
     States Attorney's Office prior to April 1, 1999?   ____Yes   _X_   No

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY:   _____

CAMERON ELLIOT
ASSISTANT UNITED STATES ATTORNEY
Florida Court No. A5500606
99 N. E. 4th Street
Miami, Florida   33132-2111
TEL (305) 961-9136
FAX (305) 530-7976

AO 91 (Rev. 5/85) Criminal Complaint  AUSA ELLIOT

# *United States District Court*

## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

MANUEL SOSA and
STEVEN ATIYEH

## CRIMINAL COMPLAINT

CASE NUMBER: *07-2019-Bandstra*

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of

my knowledge and belief.  On or about January 8, 2002, at Miami, in Miami-Dade County, in the

Southern District of Florida, and elsewhere:

> the defendants did knowingly and intentionally conspire to possess with intent to distribute cocaine,
> and did knowingly and intentionally possess with intent to distribute cocaine, all in violation of
> Title 21, United States Code, Sections 841(a) and 846.

I further state that I am a Special Agent with the Drug Enforcement Administration and that this

Complaint is based on the facts set forth in the attached affidavit:

JAMES CAIN, SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

SWORN TO BEFORE ME, AND SUBSCRIBED IN MY PRESENCE.

_____1 19 1 02_____ at     Miami, Florida_____
Date                                         City and State

TED E. BANDSTRA
UNITED STATES MAGISTRATE JUDGE

Signature of Judicial Officer

## AFFIDAVIT

I, JAMES CAIN, being duly sworn in a manner provided by law, hereby depose and state the following:

1.      I have been a Special Agent with the Drug Enforcement Administration ("DEA") for approximately four years.

2.      This Affidavit is based upon my personal knowledge and upon information provided to me by other law enforcement personnel and civilian personnel involved in this investigation.  I have personally participated in this investigation and because of my personal participation and reports made by other law enforcement personnel, I am familiar with the facts and circumstances of this investigation.  I have not included in this Affidavit each and every fact known to me, but only those facts that I believe are sufficient to establish probable cause.

3.      On January 08, 2002, an individual identified as Manuel Felix SOSA contacted a DEA Confidential Source and informed him/her that he (SOSA) had cocaine for sale.  Later that day, under the direction of DEA S/A James Cain, the Confidential Source met with SOSA to discuss the purchase of cocaine.  The Confidential Source was equipped with a transmitting device which was monitored and recorded via a receiver.  The meeting took place at the Five Star Car Audio & Accessories located at 17901 NW 27th Avenue, Miami, Florida.  During the meeting, SOSA informed the CS that his supplier had five (5) kilograms.  SOSA also stated that he (SOSA) was paying $21,500.00 per kilogram.

4.      Shortly thereafter, SOSA stated that he was going to get the cocaine, and SOSA then left in his vehicle.  SOSA was observed traveling to a house at 3416 NW 180 Street, Miami, Florida.  SOSA was then observed leaving the residence with an individual later identified as Steven Antonio ATIYEH.  Shortly thereafter, SOSA and ATIYEH arrived at the Five Star Car

Audio & Accessories. Once there, the Confidential Source, who was still equipped with a transmitting device, got in the back seat of SOSA's vehicle. SOSA and ATIYEH remained in the front seats of the vehicle. The Confidential Source was shown one kilogram of suspected cocaine. He/she negotiated a price of $43,000.00 with SOSA and ATIYEH for two kilograms and discussed the purchase of more at a later time stating that he/she could take all of it.

5. Shortly thereafter, SOSA and ATIYEH were arrested. S/A Cole Helms seized one kilogram sized brick of suspected cocaine from the back seat of SOSA's vehicle. The brick later field tested positive for the presence of cocaine.

6. After being advised of his Miranda rights by S/A Cain, ATIYEH admitted that he had possessed the kilogram of cocaine seized from the back seat of SOSA's vehicle, and stated that he had gotten it from the bedroom of his apartment and that he was just holding it for someone.

7. Agents then traveled to ATIYEH's residence located at 3416 NW 180 Street, Miami. After receiving consent from ATIYEH, agents conducted a search of ATIYEH's apartment with negative results. However, ATIYEH's apartment is the rear of a single family dwelling that has been divided into two apartments. Upon entering ATIYEH's apartment it was discovered that the two apartments were connected by an unlocked door.

8. Agents contacted the individuals in the front apartment of the house and it was discovered that William GONZALEZ resided in the front apartment. GONZALEZ gave consent to a search of his apartment and four (4) additional kilograms of suspected cocaine were located in that apartment in a kitchen pantry. GONZALEZ stated that he knew nothing of the four (4) kilograms.

9.      When asked about the four (4) kilograms, ATIYEH stated that he (ATIYEH) had

hidden the cocaine there and that no one other than himself (ATIYEH) knew that they were

there. One of the four kilograms later tested positive for the presence of cocaine.

10.      Based on these facts, there is probable cause to believe that Manuel Felix SOSA

and Steven Antonio ATIYEH did conspire to possess with intent to distribute, and did possess

with intent to distribute COCAINE, in violation of Title 21, United States Code, Sections

841(a)(1) and 846.

FURTHER AFFIANT SAYETH NAUGHT.


_____
James Cain, Special Agent
Drug Enforcement Administration


Subscribed to and sworn to before me
This 9th day of January 2002

_____
TED E. BANDSTRA
UNITED STATES MAGISTRATE JUDGE

MIM 5800.1. A
MARCH 19, 999
PAGE 18

Atta : ment B

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA  )    CASE NUMBER: CR _02 - 20197TB_

                    Plaintiff  )

                              )

         -vs-                 )    REPORT COMMENCING CRIMINAL

                              )    ACTION

Steven Antonio ATIYEH  )         68154.004

                    Defendant

FILED by ___ D.C.
MAG. SEC.
JAN - 9 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

**************************************************************

TO: CLERK'S OFFICE  ,  (MIAMI)       FT. LAUDERDALE       W. PALM BEACH

    U.S. DISTRICT COURT            (circle one)

NOTE:  CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES

       COURT ABOVE.

**************************************************************

COMPLETE ALL ITEMS.  INFORMATION NOT APPLICABLE ENTER N/A.

(1)    DATE AND TIME OF ARREST: 01/08/02        1:43        a.m. (p.m.)

(2)    LANGUAGE(S) SPOKEN: English / Spanish

(3)    OFFENSE(S) CHARGED: 21 841a , 21 846

_____

(4)    UNITED STATES CITIZEN: (X) YES     ( ) NO     ( ) UNKNOWN

(5)    DATE OF BIRTH: 04/11/75

(6)    TYPE OF CHARGING DOCUMENT:   (CHECK ONE)
       [ ] INDICTMENT   [X] COMPLAINT       CASE # _____
       [ ] BENCH WARRANT FOR FAILURE TO APPEAR
       [ ] PAROLE VIOLATION WARRANT

MIM 5800.12.
MARCH 19, 1999
PAGE 18

Attac :nent B

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA    )    CASE NUMBER: CR _02 - 2019 TEB_

       Plaintiff      )

                        )

       -vs-            )    REPORT COMMENCING CRIMINAL

                        )           ACTION

_Manual Félix Susa_    )

       Defendant      68153·004

```
FILED by _____ D.C.
MAG. SEC.
JAN - 9 2002
CLARENCE  MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI
```

**************************************************************

TO: CLERK'S OFFICE    (  MIAMI  )    FT. LAUDERDALE      W. PALM BEACH

     U.S. DISTRICT COURT              (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES

       COURT ABOVE.

**************************************************************

COMPLETE ALL ITEMS. INFORMATION NOT APPLICABLE ENTER N/A.

(!)     DATE AND TIME OF ARREST: _1-8-202_      _1134_   a.m./p.m.

(2)     LANGUAGE(S) SPOKEN: _English / Spanish_

(3)     OFFENSE(S) CHARGED: _Poss w/ Intent to Distribute_ 21 :41(a)(1)

                       _Conspiracy_             21 846

(4)     UNITED STATES CITIZEN: (X)YES    ( )NO    ( )UNKNOWN

(5)     DATE OF BIRTH: _8-4-1978_

(6)     TYPE OF CHARGING DOCUMENT:   (CHECK ONE)
       [X] INDICTMENT    [ ] COMPLAINT      CASE # _____
       [ ] BENCH WARRANT FOR FAILURE TO APPEAR
       [ ] PAROLE VIOLATION WARRANT